Gregory D. Miller
(gregory.miller@rivkin.com)
Gene Y. Kang
(gene.kang@rivkin.com)
**RIVKIN RADLER LLP**
25 Main Street, Suite 501
Court Plaza North
Hackensack, New Jersey 07601
Telephone: 201-287-2460
Facsimile: 201-489-0495

Betty H. Chen (to be admitted *pro hac vice*)
(bchen@fr.com)
**FISH & RICHARDSON P.C.**
500 Arguello Street Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

*Attorneys for Plaintiffs, Taro*
*Pharmaceuticals U.S.A., Inc. and Taro*
*Pharmaceuticals North America, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TARO PHARMACEUTICALS U.S.A., INC. and TARO PHARMACEUTICALS NORTH AMERICA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LIMITED, LUPIN PHARMACEUTICALS, INC., and LUPIN ATLANTIS HOLDING SA,<br><br>Defendants. | C.A. No. ___ |

**PLAINTIFFS TARO PHARMACEUTICALS U.S.A., INC. AND TARO PHARMACEUTICALS NORTH AMERICA, INC.'S COMPLAINT AGAINST LUPIN LIMITED, LUPIN PHARMACEUTICALS, INC., AND LUPIN ATLANTIS HOLDING SA**

Plaintiffs Taro Pharmaceuticals U.S.A., Inc. ("Taro USA") and Taro Pharmaceuticals North America, Inc. ("Taro North Am.") (together, "Taro" or "Plaintiffs") for its complaint against defendants, Lupin Limited ("Lupin Ltd."), Lupin Pharmaceuticals, Inc. ("LPI"), and Lupin

Atlantis Holding SA ("Lupin Atlantis") (collectively, "Lupin" or "Defendants"), to the best of its knowledge, information and belief, allege as follows:

## NATURE OF THE ACTION

1.     This is an action under 35 U.S.C. § 271, *et. seq.*, for infringement of United States Patent Nos. 8,277,780 (the "'780 patent") (attached as *Exhibit A*) and 8,715,624 (the "'624 patent,") (attached as *Exhibit B*), relating to Taro's commercially successful product, Topicort® (desoximetasone) Topical Spray, 0.25%.  This action arises from Lupin's filing of a supplemental Abbreviated New Drug Application with the United States Food and Drug Administration ("FDA") seeking approval to market a generic version of Topicort® (desoximetasone) Topical Spray, 0.25% prior to the latest of the expiration dates of the patents-in-suit.

## THE PARTIES

2.     Taro USA is a company organized and existing under the laws of the State of New York, with a principal place of business at 3 Skyline Drive, Hawthorne, New York 10532.

3.     Taro North Am. is a company organized and existing under the laws of the Cayman Islands, with a principal place of business at 103 South Church Street, Grand Cayman, Cayman Islands.

4.     On information and belief, Defendant Lupin Ltd. is a corporation operating and existing under the laws of India, having a principal place of business at B/4 Laxmi Towers, Bandra Kurla Complex, Bandra (E), Mumbai 400 051, India, and its registered office at Kalpataru Inspire 3rd Floor, Off Western Express Highway Santacruz (East), Mumbai 40055, India.  Lupin Ltd. is one of the largest generic pharmaceutical companies in terms of global revenue.

5. On information and belief, LPI is a corporation operating and existing under the laws of Delaware, having a place of business at 111 South Calvert Street, 21st Floor, Baltimore MD 21202.

6. On information and belief, LPI is a wholly owned subsidiary of Lupin Ltd.

7. LPI manufactures, sells, markets, and distributes generic pharmaceutical products throughout the United States, including in this district, in conjunction with or under the direction of Lupin Ltd. On information and belief, Lupin Ltd. has previously designated LPI as its US agent for other ANDA submissions.

8. On information and belief, Lupin Atlantis is a corporation organized and existing under the laws of Switzerland, having its principal place of business at Landis + Gyr-Strasse 1, 6300 Zug, Switzerland.

9. On information and belief, Lupin Atlantis is a wholly owned subsidiary of Lupin Ltd.

10. On information and belief, Lupin has engaged in conduct that reliably predicts New Jersey activities. By submitting ANDA No. 208124/S-004, Lupin has taken the significant step of applying to FDA for approval to manufacture, sell, offer to sell, and/or import its generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml in the United States, including in this district.

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, *et seq*. Based on the facts alleged herein, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and has personal jurisdiction over both Lupin Ltd. and LPI.

12.     On information and belief, Lupin Ltd. directed its agents LPI and Lupin Atlantis to participate and collaborate in the research and development of the proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml and in the preparation and filing of ANDA No. 208124/S-004.

13.     On information and belief, Lupin sought FDA approval because it intended to commit acts of patent infringement under 35 U.S.C. § 271(a), (b), and (c) through its manufacture, use, sell, and offer for sale of its generic Desoximetasone Topical Spray, 0.25% in New Jersey.

14.     This Court has personal jurisdiction over Lupin.  Lupin avails itself of the benefits and protections of the laws of the State of New Jersey.  For example, LPI is registered to do business in the State of New Jersey under Business ID Number 0100953673, and LPI is registered with the State of New Jersey as a manufacturer and wholesale distributor of drugs under Registration Numbers 5004060 and 5005159.

15.     This Court also has personal jurisdiction over Lupin by virtue of its systematic and continuous contacts with the State of New Jersey.  On information and belief, Lupin Ltd., LPI, Lupin Atlantis, and their affiliates manufacture generic pharmaceuticals at a facility located at 400 Campus Drive, Somerset, NJ.  Lupin Ltd., LPI, and Lupin Atlantis sell, offer for sale, and distribute generic pharmaceuticals throughout the State of New Jersey.

16.     On information and belief, Lupin has at all relevant times maintained continuous and systematic contacts with the State of New Jersey, including but not limited to, its aforementioned business of preparing generic pharmaceuticals that Lupin distributes throughout the United States.

17.     Lupin has previously availed themselves of the jurisdiction of this Court by filing suit in this district, consenting to jurisdiction in this district, and/or asserting counterclaims in at

4

least the following civil actions initiated in this district: *Lupin Ltd., et al. v. Merck, Sharp & Dohme Corp.*, Civil Action No. 3:10-cv-00683; *Senju Pharmaceutical Co., Ltd., et al. v. Lupin Ltd., et al.*, Civil Action No. 1:15-cv-00335; *Senju Pharmaceutical Co., Ltd., et al. v. Lupin Ltd., et al.*, Civil Action No. 1:14-cv-05144; *Janssen Products, L.P., et al. v. Lupin Ltd., et al.*, Civil Action No. 2:14-cv-01370; *Takeda Pharmaceutical Co. Ltd., et al. v. Lupin Ltd., et al.*, Civil Action No. 3:12-cv-07333; *AstraZeneca Pharmaceuticals LP, et al. v. Lupin Ltd., et al.*, Civil Action No. 3:12-cv-06888; *Otsuka Pharmaceutical Co., Ltd. v. Lupin Ltd., et al.*, Civil Action No. 1:14-cv-07104; and *Prime European Therapeuticals, S.p.A. v. Novel Labs., Inc., et al.*, Civil Action No. 3:17-cv-01944; *Taro Pharmaceuticals USA, Inc., et al. v. Lupin Ltd., et al.*, Civil Action No. 2:18-cv-04225-JMV-MF.

18.   Venue is proper in this district under 28 U.S.C. §1400(b) because Lupin "committed an act of infringement" in this district and has a "regular place and established place of business" in this district.   Lupin submitted ANDA No. 208124/S-004 pursuant to 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), and upon receiving approval of ANDA No. 208124/S-004, will manufacture, sell, offer to sell, and/or import its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml throughout the United States, including in this district.   Thus, Lupin has committed an act of infringement in this district.   Lupin also has a "regular and established place of business" at its 150,000-square-foot facility at 400 Campus Drive, Somerset, New Jersey where Lupin manufacturers about 3.5 billion standard units of pharmaceutical products.

## BACKGROUND

### The FDA Marketing Approval Process

19.     The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, as amended by the Hatch-Waxman Amendments, sets forth the rules that the FDA follows when considering the approval of applications for both brand-name and generic drugs.

20.     Under the Hatch-Waxman Amendments, an applicant seeking to market a new brand-name drug must prepare a New Drug Application ("NDA") for consideration by the FDA. *See* 21 U.S.C. § 355.

21.     An NDA must include, among other things, the patent number of any patent that claims the drug or a method of using such drug, for which the applicant submitted the NDA and for which a claim of patent infringement could reasonably be asserted against an unauthorized party. *See* 21 U.S.C. § 355(b)(1) and (c)(2); 21 C.F.R. §§ 314.53(b) and (c)(2).

22.     Upon approval of the NDA, the FDA publishes patent information for the approved drug in its publication, Approved Drug Products with Therapeutic Equivalence Evaluation ("Orange Book"). *See* 21 U.S.C. § 355(j)(7)(A)(iii).

23.     A pharmaceutical company may seek to make a change to an Abbreviated New Drug Application ("ANDA") by submitting a supplement to an approved ANDA under 21 U.S.C. §§ 314.70, 314.71 and 3.14.97.  Specifically, the FDA regulations require a supplement when a change is major, moderate, or minor.  Generally, a pharmaceutical company may seek to market a generic version of the innovator's brand drug by submitting an ANDA under 21 U.S.C. § 355(j).  The generic company may then rely on the studies the innovator includes in its NDA. Here, Lupin likewise seeks to rely on studies submitted in conjunction with Taro's NDA for

Topicort® (desoximetasone) Topical Spray, NDA No. 204141 in seeking approval of ANDA No. 208124/S-004.

**Taro's Topicort® Product**

24. On April 11, 2013, the FDA approved Taro's NDA for Topicort® (desoximetasone) Topical Spray, NDA No. 204141. Taro began marketing Topicort® shortly after that approval.

25. Topicort® is a corticosteroid indicated for the treatment of plaque psoriasis in patients 18 years of age or older. Psoriasis is a systemic inflammatory disease of immune dysfunction that affects an estimated 2%-3% of the U.S. population.

**Taro's Patents Covering Topicort®**

26. The United States Patent & Trademark Office ("PTO") legally issued the '780 patent, titled "Stable Liquid Desoximetasone Compositions with Reduced Oxidized Impurity" on October 2, 2012. Taro North Am. owns the '780 patent, which lists Srinivasa Rao, Suresh Dixit, Avraham Yacobi, and Arthur Bailey as its inventors. The invention provides a liquid formulation that contains ranges of desoximetasone, isopropyl myristate, a $C_2$-$C_4$ alcohol, and a stabilizing agent. The invention also provides processes for preparing such liquid formulations and methods for treating corticosteroid responsive dermatosis, including plaque psoriasis with such liquid formulations. Taro is the owner by assignment of all right, title, and interest in the '780 patent.

27. The PTO legally issued the '624 patent, titled "Stable Liquid Desoximetasone Compositions with Reduced Oxidized Impurity" on May 6, 2014. Taro North Am. owns the '624 patent, which lists Srinivasa Rao, Suresh Dixit, Avraham Yacobi, and Arthur Bailey as its inventors. The invention provides a liquid formulation that contains ranges of desoximetasone,

7

isopropyl myristate, a $C_2$-$C_4$ alcohol, and a stabilizing agent. The invention also provides processes for preparing such liquid formulations and methods for treating corticosteroid responsive dermatosis, including plaque psoriasis, with such liquid formulations. Taro is the owner by assignment of all right, title, and interest in the '624 patent.

28. Though the Parties have previously stipulated to dismissal of the action styled *Taro Pharmaceuticals USA, Inc., et al. v. Lupin Ltd., et al.,* Civil Action No. 2:18-cv-04225-JMV-MF relating to ANDA No. 208124, Taro has been unable to make any meaningful assessment of Lupin's certification that its proposed generic described in ANDA No. 208124/S-004 will not infringe "any valid claim" of the '780 or '624 patents.

## COUNT I
**(Infringement of the '780 Patent Under 35 U.S.C. § 271(e)(2)(A) by Lupin's Proposed Generic Desoximetasone Topical Spray, 0.25%)**

29. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

30. Lupin submitted ANDA No. 208124/S-004 to the FDA under section 505(j) of the FFDCA to obtain approval to engage in the manufacture, use or sale throughout the United States, of Lupin's proposed Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml throughout the United States, including in this district. By submitting ANDA No. 208124/S-004, Lupin has committed an act of infringement of the '780 patent under 35 U.S.C. § 271(e)(2)(A).

31. The commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 prior to the expiration date of the '780 Patent will constitute an act of infringement of the '780 patent.

32. On information and belief, Lupin became aware of the '780 patent no later than the date on which that patent was listed in the Orange Book.

33.     On information and belief, Lupin knows or should know that its commercial manufacture, use, offer for sale, sale and/or importation of its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will actively induce and contribute to the actual infringement of the '780 patent.

34.     On information and belief, Lupin knows or should know that Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will be especially made for or especially adapted for use in infringement of the '780 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, and that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will actively contribute to the actual infringement of the '780 patent.

35.     The commercial manufacture, use, offer for sale, sale and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 in violation of Plaintiffs' patent rights will cause harm to Plaintiffs for which damages are inadequate.

36.     Plaintiffs do not have an adequate remedy at law and will be irreparably harmed by Lupin's infringing conduct unless such conduct is enjoined by this Court.

## COUNT II
**(Declaratory Judgment of Infringement of the '780 Patent Under U.S.C. § 271(a) by Lupin's Proposed Generic Desoximetasone Topical Spray, 0.25%)**

37.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

38.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

39.     An actual case or controversy between Plaintiffs and Lupin exists such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution.

40.     Lupin has made, and will continue to make, substantial preparation in the United States to manufacture, sell, offer to sell and/or import its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004.

41.     Lupin's recent actions indicate that they do not intend to change their course of conduct.

42.     Any manufacture, use, offer for sale, sale and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 prior to the expiration of the '780 patent will constitute direct infringement of the '780 patent.

43.     Plaintiffs are entitled to a declaratory judgment that any manufacture, use, offer for sale, sale and/or importation of the proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 by Lupin prior to the expiration of the '780 patent will constitute direct infringement of said patent.

44.     On information and belief, despite having actual notice of the '780 patent, Lupin continues to willfully, wantonly, and deliberately prepare to infringe the '780 patent in disregard of Plaintiffs' rights, making this case exceptional and entitling Plaintiffs to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT III
**(Declaratory Judgment of Infringement of the '780 Patent Under U.S.C. § 271(b) and (c) by Lupin's Proposed Generic Desoximetasone Topical Spray, 0.25%)**

45.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

46.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

47.    An actual case or controversy between Plaintiffs and Lupin exists such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution.

48.    Lupin has actual knowledge of the '780 patent.

49.    On information and belief, Lupin became aware of the '780 patent no later than the date on which that patent was listed in the Orange Book.

50.    On information and belief, Lupin has acted with full knowledge of the '780 patent and without a reasonable basis for believing that Lupin would not be liable for actively inducing or contributing to the infringement of the '780 patent.

51.    The commercial manufacture, use, sale, offer for sale, and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will induce the actual infringement of the '780 patent.

52.    On information and belief, Lupin knows or should know that its commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will actively induce the actual infringement of the '780 patent.

53.    On information and belief, Lupin will encourage another's infringement of the '780 patent by and through the commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004, which is covered by the claims of the '780 patent.

54.    Lupin's acts of infringement will be done with knowledge of the '780 patent and with the intent to encourage infringement.

11

55.     The foregoing actions by Lupin will constitute active inducement of infringement of the '780 patent.

56.     On information and belief, Lupin knows or should know that its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will be especially made or especially adapted for use in an infringement of the '780 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

57.     The commercial manufacture, use, sale, offer for sale, and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will contribute to the actual infringement of the '780 patent.

58.     On information and belief, Lupin knows or should know that Lupin's offer for sale, sale and/or importation of its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will contribute to the actual infringement of the '780 patent.

59.     The foregoing actions by Lupin will constitute contributory infringement of the '780 patent.

60.     On information and belief, Lupin intends to, and will, actively induce and contribute to the infringement of the '780 patent when ANDA No. 208124/S-004 is approved, and plans and intends to, and will, do so immediately and imminently upon final approval.

61.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's proposed generic

Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 by Lupin will induce and/or contribute to infringement of the '780 patent.

62.     The commercial manufacture, use, offer for sale, sale and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004, which will actively induce and/or contribute to infringement of the '780 patent, in violation of Plaintiffs' patent rights, will cause harm to Plaintiffs for which damages are inadequate.

63.     Unless Lupin is enjoined from actively inducing and contributing to the infringement of the '780 patent, Plaintiffs will suffer irreparable injury for which damages are an inadequate remedy.

64.     On information and belief, despite having actual notice of the '780 patent, Lupin continues to willfully, wantonly, and deliberately prepare to actively induce and/or contribute to infringement of the '780 patent in disregard of Plaintiffs' rights, making this case exceptional and entitling Plaintiffs to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT IV
### (Infringement of the '624 Patent Under 35 U.S.C. § 271(e)(2)(A) by Lupin's Proposed Generic Desoximetasone Topical Spray, 0.25%)

65.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

66.     Lupin submitted ANDA No. 208124/S-004 to the FDA under section 505(j) of the FFDCA to obtain approval to engage in the manufacture, use or sale throughout the United States, of Lupin's proposed Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml throughout the United States, including in this district.  By submitting ANDA No. 208124/S-004, Lupin has committed an act of infringement of the '624 patent under 35 U.S.C. § 271(e)(2)(A).

67. The commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 prior to the expiration date of the '624 Patent will constitute an act of infringement of the '624 patent.

68. On information and belief, Lupin became aware of the '624 patent no later than the date on which that patent was listed in the Orange Book.

69. On information and belief, Lupin knows or should know that its commercial manufacture, use, offer for sale, sale and/or importation of its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will actively induce and contribute to the actual infringement of the '624 patent.

70. On information and belief, Lupin knows or should know that Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will be especially made for or especially adapted for use in infringement of the '624 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, and that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will actively contribute to the actual infringement of the '624 patent.

71. The commercial manufacture, use, offer for sale, sale and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 in violation of Plaintiffs' patent rights will cause harm to Plaintiffs for which damages are inadequate.

72. Plaintiffs do not have an adequate remedy at law and will be irreparably harmed by Lupin's infringing conduct unless such conduct is enjoined by this Court.

## COUNT V

**(Declaratory Judgment of Infringement of the '624 Patent Under U.S.C. § 271(a) by Lupin's Proposed Generic Desoximetasone Topical Spray, 0.25%)**

73.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

74.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

75.    An actual case or controversy between Plaintiffs and Lupin exists such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution.

76.    Lupin has made, and will continue to make, substantial preparation in the United States to manufacture, sell, offer to sell and/or import its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004.

77.    Lupin's recent actions indicate that they do not intend to change their course of conduct.

78.    Any manufacture, use, offer for sale, sale and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 prior to the expiration of the '624 patent will constitute direct infringement of the '624 patent.

79.    Plaintiffs are entitled to a declaratory judgment that any manufacture, use, offer for sale, sale and/or importation of the proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 by Lupin prior to the expiration of the '624 patent will constitute direct infringement of said patent.

80.    On information and belief, despite having actual notice of the '624 patent, Lupin continues to willfully, wantonly, and deliberately prepare to infringe the '624 patent in disregard

of Plaintiffs' rights, making this case exceptional and entitling Plaintiffs to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT VI

**(Declaratory Judgment of Infringement of the '624 Patent Under U.S.C. § 271(b) and (c) by Lupin's Proposed Generic Desoximetasone Topical Spray, 0.25%)**

81.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

82.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

83.     An actual case or controversy between Plaintiffs and Lupin exists such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution.

84.     Lupin has actual knowledge of the '624 patent.

85.     On information and belief, Lupin became aware of the '624 patent no later than the date on which that patent was listed in the Orange Book.

86.     On information and belief, Lupin has acted with full knowledge of the '624 patent and without a reasonable basis for believing that Lupin would not be liable for actively inducing or contributing to the infringement of the '624 patent.

87.     The commercial manufacture, use, sale, offer for sale, and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will induce the actual infringement of the '624 patent.

88.     On information and belief, Lupin knows or should know that its commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will actively induce the actual infringement of the '624 patent.

89. On information and belief, Lupin will encourage another's infringement of the '624 patent by and through the commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004, which is covered by the claims of the '624 patent.

90. Lupin's acts of infringement will be done with knowledge of the '624 patent and with the intent to encourage infringement.

91. The foregoing actions by Lupin will constitute active inducement of infringement of the '624 patent.

92. On information and belief, Lupin knows or should know that its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml will as described in ANDA No. 208124/S-004 be especially made or especially adapted for use in an infringement of the '624 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

93. The commercial manufacture, use, sale, offer for sale, and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will contribute to the actual infringement of the '624 patent.

94. On information and belief, Lupin knows or should know that Lupin's offer for sale, sale and/or importation of its proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 will contribute to the actual infringement of the '624 patent.

95. The foregoing actions by Lupin will constitute contributory infringement of the '624 patent.

96.    On information and belief, Lupin intends to, and will, actively induce and contribute to the infringement of the '624 patent when ANDA No. 208124/S-004 is approved, and plans and intends to, and will, do so immediately and imminently upon final approval.

97.    Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 by Lupin will induce and/or contribute to infringement of the '624 patent.

98.    The commercial manufacture, use, offer for sale, sale and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004, which will actively induce and/or contribute to infringement of the '624 patent, in violation of Plaintiffs' patent rights, will cause harm to Plaintiffs for which damages are inadequate.

99.    Unless Lupin is enjoined from actively inducing and contributing to the infringement of the '624 patent, Plaintiffs will suffer irreparable injury for which damages are an inadequate remedy.

100.    On information and belief, despite having actual notice of the '624 patent, Lupin continues to willfully, wantonly, and deliberately prepare to actively induce and/or contribute to infringement of the '624 patent in disregard of Plaintiffs' rights, making this case exceptional and entitling Plaintiffs to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Plaintiffs respectfully pray for the following relief:

a.    That judgment be entered that Lupin has infringed the patents-in-suit under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 208124/S-004 under the FFDCA, and that the commercial manufacture, use, offer for sale, sale and/or importation of Lupin's proposed generic

Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml prior to expiry of the latest expiration date of the patents-in-suit will constitute an act of infringement of the patents-in-suit;

b.   That an order be issued under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 208124/S-004 shall be a date that is not earlier than the latest expiration date of the patents-in-suit, including any extensions or exclusivities;

c.   That an injunction be issued under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283 permanently enjoining Lupin, Lupin's officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in concert or participation with Lupin or acting on Lupin's behalf, from engaging in the commercial manufacture, use, offer to sell or sale within the United States, or importation into the United States, of any drug product covered by the patents-in-suit, including but not limited to Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004 prior to the latest expiration date of the patents-in-suit, including any extensions or exclusivities;

d.   That a declaration be issued under 28 U.S.C. § 2201 that if Lupin, Lupin's officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in concert or participation with Lupin or on Lupin's behalf, engage in the commercial manufacture, use, offer for sale, sale and/or importation of Lupin's proposed generic Desoximetasone Topical Spray, 0.25%, 30 ml, 50 ml, and 100 ml as described in ANDA No. 208124/S-004, prior to the latest expiration date of the patents-in-suit, it will constitute infringement of said patent;

e.   That damages or other monetary relief be awarded to Plaintiffs under 35 U.S.C. §§ 271(a), (b), (c) and (e)(4)(C), and/or 35 U.S.C. § 284 as appropriate, and an accounting;

f.   That this is an exceptional case under 35 U.S.C. § 285 and that Plaintiffs be awarded reasonable attorneys' fees and costs; and

g.   That this Court award such other and further relief as it may deem just and proper.

Dated: December 2, 2021

By: *s/ Gregory D. Miller*
Gregory D. Miller
(gregory.miller@rivkin.com)
Gene Y. Kang
(gene.kang@rivkin.com)
**RIVKIN RADLER LLP**
25 Main Street, Suite 501
Court Plaza North
Hackensack, New Jersey 07601
Telephone:  201-287-2460
Facsimile: 201-489-0495

Betty H. Chen (to be admitted *pro hac vice*)
(bchen@fr.com)
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063
Phone: 650-893-5070

*Attorneys for Plaintiffs, Taro Pharmaceuticals U.S.A., Inc. and Taro Pharmaceuticals North America, Inc.*

20

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  December 2, 2021

By: *s/ Gregory D. Miller*
Gregory D. Miller

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that plaintiffs seek, *inter alia*, injunctive relief.

Dated:  December 2, 2021

By: *s/ Gregory D. Miller*
Gregory D. Miller